## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **STEVEN YARGER**, *on behalf of himself and all others similarly situated,* | ) ) ) | Case No. 3:22-cv-2291 |
| | ) | Judge |
| Named Plaintiff, | ) ) | Magistrate Judge |
| v. | ) ) | |
| | ) | **JURY DEMAND** |
| **TIREMAN AUTO SERVICE** | ) | **ENDORSED HEREON** |
| **CENTERS, LTD.,** | ) | |
| c/o Statutory Agent | ) | |
| Thomas W. Heintschel | ) | |
| 405 Madison Avenue, Suite 1212 | ) | |
| Toledo, Ohio 43604, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT

Now comes Named Plaintiff Steven Yarger ("Yarger" or "Named Plaintiff"), by and through undersigned counsel, *individually and on behalf of all others similarly situated*, for his Collective and Class Action Complaint against Defendant Tireman Auto Service Centers, Ltd. ("Tireman" or "Defendant"), for Defendant's willful failure to pay Named Plaintiff and other similarly situated employees overtime wages as well as failure to comply with all other requirements of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.03 ("the Ohio Wage Act"), and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"), and states and alleges as follows:

1.     Defendant operates approximately eighteen (18) automobile service centers throughout Ohio and Michigan.

2.      Defendant employs hundreds, if not over one thousand, of hourly, non-exempt employees at its services centers.

3.      Defendant applies the same hourly regular rate miscalculation policies, procedures, and practices with respect to the payment of overtime wages to its hourly, non-exempt employees, as alleged in this Complaint, to all of its service centers.

4.      As more fully alleged below, Defendant repeatedly and willfully violated the FLSA and the Ohio Acts by failing to pay its hourly workers, including Named Plaintiff and other members of the FLSA Collective and State Law Class (as further defined below), at the correct regular rate of pay during workweeks when they worked overtime and also received nondiscretionary additional remuneration, including, but not limited to commissions based on a percentage of services performed each shift, in addition to their base hourly wages.

5.      All of Defendant's hourly workers who received nondiscretionary additional remuneration  including, but not limited to, commissions based on a percentage of services performed each shift, in addition to their base hourly wages, including Named Plaintiff, at all of Defendant's facilities have been subject to the same or similar regular rate miscalculation policies and practices, including policies and practices that resulted in repeated and willful violations of the FLSA and the Ohio Acts as alleged in this Complaint.

6.      Named Plaintiff brings this action on behalf of himself and similarly situated current and former hourly employees who elect to opt in pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy violations of the FLSA wage and hour provisions by Defendants (the "FLSA Collective").

7.     Named Plaintiff also brings this action on behalf of himself and similarly situated current and former hourly employees pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the Ohio Acts claims (the "State Law Class").

## I.     JURISDICTION AND VENUE

8.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. § 216(b).

9.     This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

10.     Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in the Northern District of Ohio; Defendant is an Ohio for-profit company, formed and subject to the laws of the State of Ohio; Defendant conducted substantial business in this judicial district; and can be served at its statutory agent located at 405 Madison Avenue, Suite 1212, Toledo, Ohio 43604, which is in this judicial district.

## II.     FACTUAL ALLEGATIONS

### A.     Named Plaintiff Steven Yarger

11.     Named Plaintiff Yarger is an individual, a United States citizen, and a resident of Lucas County, Ohio.

12.     Yarger worked for Defendant as an hourly, non-exempt technician from approximately February, 2009 until his separation on or about September 19, 2022. While Yarger worked most recently at one of Defendant's service centers located at 7171 Orchard Centre Dr.,

Holland, Ohio 43528, he also previously worked as a technician at two additional service centers in the Toledo, Ohio area.

13.     At all times relevant, Yarger primarily performed non-exempt job duties as a technician during each shift.

14.     At all times relevant, Yarger was classified by Defendant as a non-exempt employee and was paid on an hourly basis.

15.     At all times relevant, Yarger was an "employee" of Defendant as defined in the FLSA and the Ohio Acts.

16.     Yarger's Consent to Join Form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

**B.     Defendant Tireman Auto Service Centers**

17.     At all times relevant, Defendant Tireman is a domestic for-profit limited liability company authorized to do business in Ohio, created under and subject to the laws of the State of Ohio, and it regularly conducts business in this judicial district and division. According to records maintained by the Ohio Secretary of State, Defendant's Statutory Agent for service of process is Thomas W. Heintschel, 405 Madison Avenue, Suite 1212, Toledo, Ohio 43604.[1]

18.     At all times relevant, Defendant was an "employer" of Named Plaintiff and other members of the FLSA Collective and State Law Class as that term is defined by the FLSA and the Ohio Acts, regardless of what facility(ies) they worked in, as described herein.

---

[1]  *See* https://businesssearch.ohiosos.gov/?=businessDetails/1129755 (last accessed Dec. 19, 2022).

19.     At all times relevant, Defendant had direct or indirect control and authority over Named Plaintiff's and other members of the FLSA Collective's and State Law Class's working conditions, including matters governing the essential terms and conditions of their employment.

20.     At all times relevant, Defendant exercised authority and control over Named Plaintiff and other members of the FLSA Collective and State Law Class across all Tireman service centers.

21.     Defendant had authority to (and did) set rates and methods of compensation of employees, including Named Plaintiff and other members of the FLSA Collective and Ohio Class, across all service centers.

22.     Defendant controls and maintains employment records across all of its service centers in the same or similar manner.

23.     Defendant benefited from the work and services performed by Named Plaintiff and other members of the FLSA Collective and Ohio Class during the relevant time period.

24.     Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees across all Tireman service centers, including policies, practices and procedures relating to the payment of wages, overtime, miscalculating the regular rate for overtime compensation purposes, and timekeeping for hourly employees including Named Plaintiff and other members of the FLSA Collective and State Law Class.

25.     At all times relevant, Defendant suffered or permitted Named Plaintiff and other members of the FLSA Collective and State Law Class to perform work uncompensated at the correct overtime rate Named Plaintiff and other members of the FLSA Collective and State Law Class were entitled to be paid across all of its service centers. The improperly compensated

overtime work that Named Plaintiff and other members of the FLSA Collective and State Law Class performed was for Defendant's benefit across all of its service centers.

26.     At all times relevant, Defendant maintained control, oversight, and direction over Named Plaintiff and other members of the FLSA Collective and State Law Class across all of its service centers, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

27.     At all times relevant, Defendant has benefitted from the work performed by Named Plaintiff and other members of the FLSA Collective and State Law Class across all of its service centers.

28.     During the three years preceding the filing of this Complaint, Defendant operated and controlled an enterprise and employed employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

29.     Defendant's service centers provide the same or similar array of automobile repair services and products to customers by using a set formula when conducting business. Defendant operates each Tireman service center identically, or virtually identically, and Defendant's customers can expect the same kind of customer service regardless of the Tireman service center location.

30.     Part of that set formula is the deprivation of properly compensated overtime wages to their hourly non-exempt employees, including Named Plaintiff and other members of the FLSA Collective and State Law Class, as outlined in this Complaint.

31.     During the last three years, Defendant also had an individual and combined annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

32.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio, but nevertheless willfully and knowingly failed to adhere to the requirements of the FLSA and Ohio Acts.

## III.     FACTUAL ALLEGATIONS

33.     At all times relevant, Named Plaintiff and other members of the FLSA Collective and State Law Class were hourly, non-exempt employees entitled to overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40) each workweek. 29 U.S.C. § 207; O.R.C. § 4111.03.

34.     Named Plaintiff and other members of the FLSA Collective and State Law Class worked overtime hours, more than forty (40) hours in a single workweek, during one or more workweeks during their employments with Defendant.

### *Defendant's Failure to Pay Named Plaintiff and other members of the FLSA Collective and State Law Class Overtime Compensation at the Correct Regular Rate of Pay*

35.     During their employment with Defendant, Named Plaintiff and other members of the FLSA Collective and State Law Class were not fully and properly paid for all of their compensable overtime hours worked because Defendant did not properly calculate their regular rates of pay for the purposes of meeting the minimum requirements set forth in the FLSA and the Ohio Acts, which resulted in unpaid overtime wages. Defendant did not properly calculate overtime based on Named Plaintiff's and other members of the FLSA Collective's and State Law Class's ***regular rate of pay***, as defined by the FLSA and as required by the Ohio Acts, but instead

calculated overtime compensation based on Named Plaintiff's and other members of the FLSA

Collective's and State Law Class's hourly rates of pay, resulting in unpaid overtime compensation.

36.     Defendant paid Named Plaintiff and other members of the FLSA Collective and

State Law Class an hourly wage for hours worked (hereinafter "Base Hourly Wage").

37.     In addition to the Base Hourly Wage, Defendant pays its hourly service center

employees, including, but not limited to employees in the positions of service and technicians,

commissions based on a percentage of sales of automobile services performed each shift or forms

of compensation (hereinafter "Additional Remuneration") that must be included in the calculation

of employees' regular rate of pay for purposes of calculating their overtime compensation. *See* 29

C.F.R. § 778.117.

38.     Defendant's overtime compensation requirements as to this violation are

summarized in 29 C.F.R. § 778.117 as follows:

> ***Commission payments - general***. <u>Commissions</u> (whether based on a percentage of total sales or of sales in excess of a specified amount, or on some other formula) <u>are payments for hours worked and must be included in the regular rate</u>. This is true regardless of whether the commission is the sole source of the employee's compensation or is paid in addition to a guaranteed salary or hourly rate, or on some other basis, and regardless of the method, frequency, or regularity of computing, allocating and paying the commission. It does not matter whether the commission earnings are computed daily, weekly, biweekly, semimonthly, monthly, or at some other interval. The fact that the commission is paid on a basis other than weekly, and that payment is delayed for a time past the employee's normal pay day or pay period, does not excuse the employer from including this payment in the employee's regular rate. (emphasis added.)

39.     Defendant informed Named Plaintiff and other members of the FLSA Collective

and State Law Class of the Additional Remuneration upon hiring or otherwise during their

employments. Named Plaintiff and other members of the FLSA Collective and the State Law Class

expected to receive the Additional Remuneration and did in fact receive the Additional

Remuneration on a regular basis.

40.     During the last three years preceding the filing of this Complaint, Named Plaintiff and other members of the FLSA Collective and State Law Class received or earned their Base Hourly Wage in addition to the Additional Remuneration as described above in one or more workweeks when they work overtime hours, more than forty (40) hours in a single workweek.

41.     For example, on January 28, 2021, Defendant paid Named Plaintiff Additional Remuneration labeled as a "spiff" in the amount of $703.35 in exchange for performing certain automobile services as a technician.

42.     During the corresponding bi-weekly pay period, Named Plaintiff was paid for 83.22 hours of work. His Base Hourly Wage was $14.50 per hour. Defendant's records reflect that Named Plaintiff was paid $1,160.00 in regular wages for the first eighty (80) hours of work, $70.04 in overtime premium for working 3.22 hours in excess of forty (40) in one or more workweeks during that bi-weekly pay period, and $703.35 in Additional Remuneration (labeled as a "spiff"). Dividing his overtime premium ($70.04) by his overtime hours (3.22) yields approximately $21.75, which demonstrates that Defendant was paying Named Plaintiff overtime at a rate of $21.75 per hour, the overtime premium is only one-and-one-half times his Base Hourly Wage, and it excludes the Additional Remuneration.

43.     Named Plaintiff's overtime rate of $21.75 is based solely on Named Plaintiff's Base Hour Wage of $14.50 per hour and did not include his Additional Remuneration as required by the FLSA.

44.     If Defendant had properly included Named Plaintiff's Additional Remuneration in its regular rate of pay calculations as required by the FLSA, Named Plaintiff's overtime rate of pay would necessarily have been higher due to the $703.35 in Additional Remuneration.

45.     Given that Named Plaintiff and other members of the FLSA Collective and State Law Class earned their Base Hourly Wage and Additional Remuneration in workweeks when they worked more than 40 hours, they were not fully compensated for all overtime premium they earned in accordance with the FLSA.

46.     During the three (3) years preceding this Complaint, Named Plaintiff worked overtime hours during one or more workweeks when he received or earned Additional Remuneration during the same applicable period where he achieved the commission. However, the Additional Remuneration in the form of the commission was not included in his regular rate of pay for purposes of calculating his overtime rate, resulting in a clear and objective violation of the FLSA and Ohio Acts.

47.     When Defendant paid Named Plaintiff and other members of the FLSA Collective and State Law Class both their Base Hourly Wage and Additional Remuneration, Defendant failed to properly calculate these hourly, non-exempt employees' regular rates of pay during workweeks when they worked over 40 hours because Defendants did not include the Additional Remuneration in their regular rate calculations for overtime wages.

48.     Defendant paid Named Plaintiff and other members of the FLSA Collective and State Law Class overtime compensation at one-and-one-half times their **Base Hourly Wage** and not one-and-one-half times their ***regular rate of pay*** as that phrase is defined under the FLSA. *See* 29 U.S.C. § 207(e). While the FLSA, 29 U.S.C. § 207(e), requires that all forms of remuneration "paid to, or on behalf of, the employee," such as non-discretionary commissions, must be included in the regular rate, as a result of Defendant's failure to incorporate all Additional Remuneration into the determination of Named Plaintiff's and other members of the FLSA Collective's and the State Law Class's regular rates for purposes of calculating overtime rates for hours worked in

excess of forty (40) in a given workweek, Named Plaintiff and other members of the FLSA Collective and the State Law Class were deprived of earned overtime pay at the proper overtime rate in violation of the FLSA, 29 U.S.C. § 207, and State Law, O.R.C. §§ 4111.03(A), 4113.15.

49.     Consequently, Defendant failed to properly compensate Named Plaintiff and other members of the FLSA Collective and State Law Class the overtime wages they were due in accordance with the minimum requirements of the FLSA and Ohio Acts.

50.     Defendant's failure to compensate Named Plaintiff and other members of the FLSA Collective and the State Law Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay – as a result of Defendant's unlawful failure to include required remuneration in the regular rate – constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and corresponding Ohio Acts, O.R.C. §§ 4111.03(A), 4113.15.

51.     Defendant applied the same pay policies and/or practices of compensating other members of the FLSA Collective and State Law Class their Base Hourly Wage and Additional Remuneration across all of its service centers.

### *The Willfulness of Defendant's Violations*

52.     Defendant knew that Named Plaintiff and other members of the FLSA Collective and State Law Class were entitled to overtime compensation under federal and state law or acted in reckless disregard for whether they were so entitled.

53.     By denying Named Plaintiff and other members of the FLSA Collective and State Law Class overtime compensation as required by the FLSA and the Ohio Acts, Defendant's actions or omissions described in this Complaint were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations

and statutory provisions requiring the proper and prompt payment of overtime compensation under federal and the Ohio Acts, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA and the Ohio Acts, or acted in reckless disregard as to Defendant's obligations under these laws.

54.     Moreover, Defendant's obligations under these laws were clearly known by Defendants. By way of example, O.R.C. § 4111.09 provides that "[e]very employer subject to sections 4111.01 to 4111.17 of the Revised Code, or to any rules issued thereunder, shall keep a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about the premises wherein any person subject thereto is employed." As approved by the director of commerce, this conspicuously-placed posting includes the language: "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours in excess of 40 hours in one work week..." Defendant therefore knew about the overtime requirements of the FLSA and the Ohio Acts, or acted in reckless disregard for whether Named Plaintiff and other members of the FLSA Collective and State Law Class were entitled to overtime compensation.

55.     In addition, the fact that the above-referend pay policy/practice has been in place for the majority, if not the entirety, of Named Plaintiff's lengthy employment while working at multiple service centers further demonstrates that Defendant was acting intentionally, knowingly, and willfully in its violations of the FLSA and the Ohio Acts.

56.     Named Plaintiff and other members of the FLSA Collective and State Law Class are therefore entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 260.

57.     Defendant intentionally, knowingly, and willfully circumvented the requirements of the FLSA and the Ohio Acts.

58.     The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. §§ 4111.03, 4113.15; and resulted in the unlawful deprivation of wages of Defendant to the detriment of Defendant's employees, including Named Plaintiff and other members of the FLSA Collective and State Law Class.

**A.     FLSA Collective Action for Unpaid Overtime Wages**

59.     Named Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct as described herein (the "FLSA Collective").

60.     The collective that Named Plaintiff seeks to represent as members of the FLSA Collective and to whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff himself is a member, is composed of and defined as follows:

> **All current and former hourly, non-exempt service center employees of Defendant in the United States during the period of three years preceding the commencement of this action to the present who worked overtime hours during one or more workweeks and received Additional Remuneration.**

61.     The service center employees encompassed in the definition above include, but are not limited to, employees working as service employees and technicians.

62.     This action is maintainable as an "opt-in" collective action pursuant to the FLSA as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs. In addition to Named Plaintiff, numerous current and former hourly employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

63.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

64.     These similarly situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. §216(b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs.

65.     Named Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the FLSA Collective consists of several hundred or more persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA.

**B.     Federal Rule of Civil Procedure 23 Class Action for Unpaid Overtime Wages**

66.     Named Plaintiff brings this action under Federal Rule of Civil Procedure 23 as a class action on behalf of himself and all other members of the State Law Class, defined as:

> **All current and former hourly, non-exempt service center employees of Defendant in Ohio during the period of two years preceding the commencement of this action to the present who**

**worked overtime hours during one or more workweeks and received Additional Remuneration.**

67.     The claims brought on behalf of the State Law Class are brought on behalf of all similarly situated persons who do not opt-out of the State Law Class during the relevant time period above.

68.     The State Law Class, as defined above, is so numerous that joinder of all members is impracticable. Named Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of several hundred or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and were required to maintain, pursuant to the FLSA and the Ohio Acts. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; and the Ohio Acts.

69.     Named Plaintiff is a member of the State Law Class and his claims for unpaid wages are typical of the claims of other members of the State Law Class.

70.     Named Plaintiff will fairly and adequately represent the State Law Class and the interests of all members of the State Law Class.

71.     Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the State Law Class that he has undertaken to represent.

72.     Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire State Law Class. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the State Law Class in this case.

73.     Questions of law and fact are common to the State Law Class and predominate over any questions affecting only individual members. The questions of law and fact common to the State Law Class arising from Defendant's conduct include, without limitation:

(a)     whether Defendant violated the Ohio Acts by failing to pay the State Law Class for all overtime wages earned because of one or more of the violations described herein;

(b)     whether Defendant denied Named Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid wages for their overtime hours worked at the overtime rates required to be paid;

(c)     what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the State Law Class on account of Defendant's violations of the Ohio Acts;

(d)     whether the unpaid and/or withheld compensation remained unpaid in violation of the Ohio Acts; and

(e)     what amount of prejudgment interest, liquidated damages, and/or other monetary relief afforded by the Ohio Acts is due to Named Plaintiff and other members of the State Law Class on the overtime or other entitled compensation which was withheld or not paid to them.

74.     Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their hourly, non-exempt employees comprising of the State Law Class.

75.     Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the State Law Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the State Law Class as a whole.

76.     Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the State Law Class predominate over questions affecting individual members of the State Law Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

77.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court.

78.     Named Plaintiff and counsel are not aware of any interfering pending Ohio litigation on behalf of the State Law Class as defined herein. Because the damages sustained by individual members may be modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## IV.     <u>CAUSES OF ACTION</u>

<u>COUNT I</u>
**(29 U.S.C. § 207 - NATIONWIDE FLSA COLLECTIVE ACTION
FOR UNPAID OVERTIME COMPENSATION)**

79.     Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

80.     This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and other members of the FLSA Collective against Defendant, individuals who may join this case pursuant to 29 U.S.C. § 216(b).

81.     The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

82.     Named Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

83.     Defendant did not pay overtime compensation to Named Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours worked.

84.     As a result of Defendant's practices and/or policies, Named Plaintiff and other members of the FLSA Collective have not received overtime wages due to them pursuant to the FLSA.

85.     Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Named Plaintiff and other members of the FLSA Collective overtime compensation. Defendant's deliberate failure to pay overtime compensation to Named Plaintiff and other members of the FLSA Collective was neither reasonable, nor was the decision not to pay overtime compensation made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

86.     The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and other members of the FLSA Collective is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendant and/or were not kept by Defendant.

87.     As a result of Defendant's violations of the FLSA, Named Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Named Plaintiff and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT II
### (O.R.C. § 4111.03 – RULE 23 CLASS ACTION
### FOR UNPAID OVERTIME COMPENSATION)

88.    Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

89.    This claim is brought under the Ohio Wage Act, which incorporates the FLSA without limitation.

90.    Named Plaintiff and other members of the State Law Class have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Acts.

91.    The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

92.    While employed by Defendant, Named Plaintiff and other members of the State Law Class worked in excess of the maximum weekly hours permitted under Section 4111.03, but were not fully paid overtime wages as outlined above.

93.    As a result of Defendant's company-wide corporate policies and/or practices as described herein, Defendant failed to pay Named Plaintiff and other members of the State Law Class all overtime wages earned.

94.    Named Plaintiff and other members of the State Law Class were not exempt from the wage protections of the Ohio Wage Act.

95.     Defendant's repeated, knowing failure to pay overtime wages to Named Plaintiff and other members of the State Law Class were violations of the Ohio Wage Act, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and other members of the State Law Class are entitled.

96.     For Defendant's violations of the Ohio Wage Act, Named Plaintiff and other members of the State Law Class have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, interest, attorneys' fees, and all other remedies available on behalf of himself and all other members of the State Law Class.

**COUNT III**
**(O.R.C. § 4113.15 – RULE 23 CLASS ACTION**
**FOR OPPA VIOLATION)**

97.     Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

98.     The OPPA encompasses two claims. First, a violation of any other wage statute (including the FLSA) triggers a failure to timely pay wages under the OPPA.

99.     Second, the OPPA allows an employee to sue to recover liquidated damages if the wages due are not in dispute.

100.     Named Plaintiff and other members of the State Law Class have been employed by Defendant.

101.     At all times relevant, Defendant was an entity covered by the OPPA, and Named Plaintiff and other members of the State Law Class have been employed by Defendant within the meaning of the OPPA.

102.     The OPPA requires Defendant to pay Named Plaintiff and other members of the State Law Class all wages, including unpaid overtime compensation, on or before the first day of

each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof *and* on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

103.    At all times relevant, Named Plaintiff and other members of the State Law Class were not paid all wages, including overtime wages at one-and-one-half times their regular rates of pay within thirty (30) days of performing the work as outlined above. *See* O.R.C. § 4113.15(B).

104.    As a result, Named Plaintiff and other members of the State Law Class's unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

105.    Defendant's violations of the OPPA, O.R.C. § 4113.15, injured Named Plaintiff and other members of the FLSA Collective in that they did not receive wages due to them in a timely fashion as required by Ohio Law.

106.    In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

107.    As a result of Defendant's violation of the OPPA, Plaintiff and other members of the FLSA Collective and State Law Class are entitled to unpaid wages and liquidated damages pursuant to O.R.C. § 4113.15.

## V.    PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A.    Certifying the proposed FLSA collective action;

B.    Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C.    Certifying the proposed State Law Class under the Ohio Acts;

D.    Finding that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA;

E.      Entering judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and other members of the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

F.      Entering judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and other members of the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

G.      Awarding to Named Plaintiff and other members of the FLSA Collective and State Law Class unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts, including but not limited to the OPPA, including but not limited to in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per State Law Class member, whichever is greater;

H.      Awarding Named Plaintiff and other members of the FLSA Collective and State Law Class prejudgment interest, post-judgment interest, and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

I.      Awarding to Named Plaintiff a service award for his efforts in remedying various pay policies/practices as outlined above;

J.      Awarding to Named Plaintiff and other members of the FLSA Collective and State Law Class costs and disbursements and reasonable allowances for fees of counsel and experts and reimbursement of expenses;

K.      Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

L.      Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

M.      Declaring judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

N.      Awarding such other and further relief as to this Court may deem necessary, just, or proper.

Respectfully submitted,

| /s/ Daniel I. Bryant | /s/ Matthew B. Bryant |
|---|---|
| Daniel I. Bryant (0090859) | Matthew B. Bryant (0085991) |
| **BRYANT LEGAL, LLC** | **BRYANT LEGAL, LLC** |
| 1550 Old Henderson Road, Suite 126 | 3450 W Central Ave., Suite 370 |
| Columbus, Ohio 43220 | Toledo, Ohio 43606 |
| Phone: (614) 704-0546 | Telephone: (419) 824-4439 |
| Facsimile: (614) 573-9826 | Facsimile: (419) 932-6719 |
| Email: dbryant@bryantlegalllc.com | Email: Mbryant@bryantlegalllc.com |

*Attorney for Named Plaintiff and Other Members of the FLSA Collective and State Law Class*

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Daniel I. Bryant
Daniel I. Bryant