# IN THE UNITED STATES DISTRICT COURT
# NOTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **STEVEN YARGER**, *on behalf of himself and all others similarly situated,* | )<br>)<br>) Case No. 3:22 CV 2291<br>)<br>) Judge Jack Zouhary |
| Representative Plaintiff, | )<br>) |
| v. | )<br>) |
| **TM FINAL LTD., formerly known as TIREMAN AUTO SERVICE CENTERS, LTD.,** | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## ORDER GRANTING JOINT MOTION FOR ORDER

Representative Plaintiff Steven Yarger (hereinafter referred to as "Yarger" or ("Representative Plaintiff") and Defendant TM Final Ltd., f/k/a Tireman Auto Service Centers, Ltd. ("Defendant") (Representative Plaintiff and Defendant are, collectively, the "Parties") jointly move the Court for approval of their FLSA collective action settlement. (Joint Motion For Order, Doc. 29 ("Joint Motion")).  The Joint Motion asks this Court, among other things, to approve, as fair and reasonable, the settlement reached by the Parties and memorialized in their Collective Action Settlement Agreement and Release ("Settlement" or "Agreement"). (Doc. 29-1.)

After a careful review of the Joint Motion, the Agreement, the Bryant Declaration, and related pleadings, this Court finds that the Agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the Parties in all aspects. This Court also approves the proposed allocation and calculation of the individual Settlement Awards, the proposed attorney fees using the lodestar method, including hourly rates sought and hours expended, and costs and litigation expense reimbursements to Plaintiffs' Counsel.

1. On December 20, 2022, Representative Plaintiff filed a lawsuit, styled as *Steven Yarger, on behalf of himself and all others similarly situated, v. TM Final Ltd., f/k/a Tireman Auto Service Centers, Ltd*, Case No. 3:22-cv-2291, in the United States District Court for the Northern District of Ohio, Western Division (Toledo, Ohio) ("Action"). In the Action, Representative Plaintiff asserted a failure to pay at the correct regular rate of pay claim against Defendant under the FLSA, the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.03 ("Ohio Wage Act"), and the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA") (Ohio Wage Act and the OPPA collectively referred to as the "Ohio Acts"). (*See* Doc. 1, Complaint, *generally.*) In particular, Representative Plaintiff alleged that Defendant paid him and other technicians a base hourly wage for hours worked. (*Id.*) In addition to the base hourly wage, Representative Plaintiff maintained that Defendant pays its hourly, non-exempt service center employees in the positions of technician, commissions based on a percentage of sales of automobile services performed each shift in the form of "SPIFF" payments (hereinafter "Additional Remuneration") that must be included in the calculation of employees' regular rate of pay for purposes of calculating their overtime compensation pursuant to 29 C.F.R. § 778.117. (*Id.*) Further, Representative Plaintiff alleged that Defendant failed to pay him, and other similarly situated hourly, non-exempt technicians for all overtime compensation due to the failure to include the Additional Remuneration when calculating overtime premium resulting in the failure to pay at the correct regular rate of pay during workweeks when employees worked overtime and received Additional Remuneration in violation of the FLSA and Ohio Acts. (*Id.*)

2. On July 28, 2023, Defendant filed its Answer to the Complaint, denied, and continues to deny, the allegations contained in the Complaint, and that it violated the FLSA, Ohio Wage Act, OPPA, or any other federal, state or local law in any way, and asserted twenty-seven (27) affirmative defenses. (Doc. 15, Answer to Complaint, PageID # 71-74)

3. In addition to Representative Plaintiff, fifteen (15) individuals opted into the Action ("Opt-In Plaintiffs" unless otherwise specified). Thereafter, to avoid the burden, expense, risks, disruption, and uncertainty of protracted collective action litigation, the Parties engaged in efforts to resolve the claims of the Representative Plaintiff and the Opt-In Plaintiffs (collectively, "Plaintiffs").

4. Representative Plaintiff and Defendant had lengthy and extensive settlement negotiations and have agreed to settle this Action on the terms set forth in the Agreement (Doc. 29-1). The Settlement will cover all Plaintiffs and provides that, in exchange for their individual Settlement Awards and other valuable consideration, Plaintiffs will release Defendant and other Released Parties from all wage-and-hour claims, rights, demands, liabilities and causes of action that were asserted, or could have been asserted, under the FLSA, the Ohio Acts, or any other applicable federal, state or local wage-and-hour laws as set forth more fully in the Agreement and dismiss this case with prejudice. Moreover, the Settlement provides for payment of attorneys' fees to Representative Plaintiff's Counsel in the negotiated amount of $17,500, which his comprised of Representative Plaintiff's Counsel's lodestar, plus litigation costs ("Attorneys' Fees and Costs").

5. "As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to

3

an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mechanical, Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

6. This Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). This Court further finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation, and with the assistance of this Court. The Parties have informed this Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Plaintiffs. This Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

7. This Court here grants the Parties' Joint Motion (Doc. 29), approves the Settlement as to all Plaintiffs, and orders that the Settlement be implemented according to the terms and conditions of the Agreement.

8. This Court finds that the proposed allocation and calculation of the individual Settlement Awards to Plaintiffs are fair and reasonable and approves the method of calculation and proposed distribution of the Settlement Awards.

9. This Court also approves the payment of Attorneys' Fees and Costs to Representative Plaintiff's Counsel as provided in the Settlement.

10. This Court dismisses the claims of the Plaintiffs with prejudice, and enters this final judgment of dismissal. This Court retains jurisdiction to enforce all the terms of the Settlement.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 27, 2024